IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RITA NAVARRO,<br><br>           Plaintiff,<br><br>    v.<br><br>SEARS LIFE INSURANCE COMPANY;<br>MARKET USA, INC.,<br><br>           Defendants. | 2:08-cv-0000527-GEB-EFB<br><br>ORDER RE: SETTLEMENT<br>AND DISPOSITION |

        On April 1, 2010, Plaintiff filed a Notice of Settlement in which she states that "this entire case has settled." Further, Plaintiff states that "[a] stipulation requesting dismissal of the entire action will be filed within thirty (30) days" and "that the multiple motions . . . scheduled to be heard on April 19, 2010, . . . may be dropped." Therefore, motions scheduled to be heard on April 19, 2010, "dropped" and deemed withdrawn. Further, a dispositional document shall be filed no later than May 3, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file dispositional

papers on the date prescribed by the Court may be grounds for sanctions.")

The final pretrial conference scheduled for June 28, 2010, at 1:30 p.m., will remain scheduled in the event that no dispositional document is filed, or if this action is not otherwise dismissed.  Further, a joint pretrial statement shall be filed seven days prior to the final pretrial conference.[1]

IT IS SO ORDERED.

Dated:  April 1, 2010

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The final pretrial conference will remain on calendar, because the mere representation that a case has been settled does not justify removal of the action from a district court's trial docket.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2